Filed 6/21/13  P. v. Gonzalez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G047260 |
| v. | (Super. Ct. No. 11CF1841) |
| VICTORINO RODRIQUEZ GONZALEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Patrick Donahue, Judge.  Affirmed.

Law Offices of Allen G. Weinberg and Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Lise S. Jacobson, Deputy Attorneys General, for Plaintiff and Respondent.

*          *          *

The jury found appellant Victorino Gonzalez guilty of one count of sexual intercourse with a child 10 years of age or younger (Pen. Code, § 288.7, subdivision (a))[1] and of three counts of sexual penetration of a child 10 years of age or younger (§ 288.7, subd. (b)).  Gonzalez was sentenced to a term of 25 years to life on the intercourse count (count one), a consecutive term of 15 years to life for one of the penetration counts (count two), and two concurrent terms of 15 years to life for the other two penetration counts (counts three and four).

Gonzalez was the victim's stepfather, living in her mother's house and began molesting her just before she turned nine years old.   The molestations continued until, in the victim's words, she was "like ten."  There is no question there was substantial evidence of actual sexual penetration at least once, since the victim testified Gonzalez's penis went "inside" of her vagina.[2]

But the victim also mentioned a few times in an initial police interview that "he put weenie on" – as distinct from "in" – "my pussy," and from this statement Gonzalez theorizes that the trial judge should have sua sponte instructed the jury about the possibility of finding Gonzalez guilty of *attempted* sexual intercourse with a child under the age of 10.  Indeed, the absence of an attempt instruction is Gonzalez's only argument in this appeal.[3]

We will accept, for sake of argument, the idea that the victim's statement Gonzalez put his penis "on" her "pussy" does not, by itself, show a completed crime under section 288.7, subdivision (a).  That is, "contact" by itself does not *necessarily*

_____

[1]    All statutory references in this opinion are to the Penal Code.

[2]    She also told a Santa Ana police officer (which interview was audiotaped and later heard by the jury) that Gonzalez "put his weenie" "all the way in" her vagina.

[3]    Gonzalez admitted to digital penetration of the victim on at least two occasions in a taped confession to the police.  The main battle at trial was over whether Gonzalez had sexual intercourse with the victim, with Gonzalez arguing that the fact his own daughter (maybe age three at the time) slept in the same bed as the victim was evidence no intercourse took place at all.  The jury did not agree with that defense and, as noted, no issue on appeal is raised on appeal as regards the substantial evidence to support the sexual intercourse count, only the question of whether there should have been an attempt instruction on that count.

2

show even the "slight" amount of penetration of the female sexual organs required to come within the definition of "sexual intercourse," as the words are used in section 288.7, subdivision (a). (See *People v. Clark* (2011) 52 Cal.4th 856, 958 ["the term 'sexual intercourse' is commonly understood as vaginal penetration and needs no elaboration"]; *People v. Dunn* (2012) 205 Cal.App.4th 1086, 1097-1098 [conviction of section 288.7, subdivision (a) "required penetration" of victim's labia majora"]; e.g., *People v. Quintana* (2001) 89 Cal.App.4th 1362, 1371 ["contact with hymen as well as the clitoris and the other genitalia inside the exterior of the labia majora constitutes 'sexual penetration' within the meaning of section 289"].)

However, to justify an attempt instruction concerning a crime that involves sexual intercourse, there must have been substantial evidence the defendant intended to commit sexual intercourse with his victim but was "unsuccessful in the attempt." (*People v. Holt* (1997) 15 Cal.4th 619, 674 [rejecting argument that sua sponte attempted rape instruction was required where there was no evidence "that defendant intended to commit rape but was unsuccessful in the attempt"].) And in this case there is nothing to indicate Gonzalez made any *attempts* to have intercourse with the victim but was otherwise unsuccessful. At the risk of indelicacy, it is completely possible for a penis to be both "on" and "in" the female genitalia during the same act of sexual intercourse.

In his reply brief, Gonzalez asserts the evidence was "equivocal as to whether appellant completed the act of sexual intercourse," which appears to be a veiled allusion to some sort of erectile dysfunction on his part. But there is absolutely no evidence that Gonzalez attempted some sort of penetration – as distinct from just making contact – but was otherwise unsuccessful. For example, there was no evidence that one of the other children also sleeping in the same room as the victim woke up during one of Gonzalez's molestations and interrupted what Gonzalez intended to do.

We also agree with the Attorney General that any arguable error in failing to instruct on the lesser included crime of attempted sexual intercourse on a child under

3

the age of 10 was harmless.  The standard is set out in *People v. Koontz* (2002) 27 Cal.4th 1041, 1085-1086:  "Error in failing to instruct the jury on a lesser included offense is harmless when the jury necessarily decides the factual questions posed by the omitted instructions adversely to defendant under other properly given instructions."  Here, the jury *was* instructed about the possibility of finding Gonzalez only guilty of battery, which it easily could have done if it was willing to credit the defense theory that Gonzalez had only put his penis, sans even slight penetration, on, rather than in, the victim's genital area.

The judgment is affirmed.


BEDSWORTH, J.


WE CONCUR:



RYLAARSDAM, ACTING P. J.



THOMPSON, J.


4